## (November 24, 1971)

■  SANDRA J. MERRITHEW, as Administratrix of the Estate of ZELLA I. TEW, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 49337.) — Appeal by the State from a judgment of the Court of Claims, entered May 11, 1970, awarding the sum of $32,900 to the claimant for the appropriation of a permanent easement over all of claimant's land pursuant to titles 5 and 7 of article 1 of the Conservation Law. Claimant is the administratrix of the estate of Zella Tew, the owner of the property at the time of the appropriation. Whether the property on which the easement was impressed is valued at commercial or residential and interpreting the terms of the easement strictly against the State, it is difficult, if not impossible, to agree with the court's conclusion that " the land was reduced to a nominal value after appropriation " which value was determined to be $100. There is no basis in the present record for the claimant's appraiser's feeling or conclusion that " Inasmuch as the subject property does have a residence on it, I do feel it has some relatively slight value to the owner, or shall we say, ' occupant'; but this value, in my opinion, is not market value. It is not market value within the interpretation of the definition of market value, that I have used in this report.

So, I feel that the subject property, after the appropriation, *had no market value."* (Italics supplied.) Consequently, there is no fulcrum for the court's finding of $100 after value. Inasmuch as the court found the State appraiser's figures of "no use" we need not, in view of our decision, consider the after value as found by that appraiser. At the time of the taking and the imposition of the easement and at the time of the trial the property was being used for residential purposes which, no doubt, explains the reason for the easement restriction imposed by the State being for residential and agricultural uses. Considering the easement as related to residential property and considering the rule of law that such easement shall be reasonably exercised, the property readily accessible from the Northway and bounded on its south side by an improved county road and with approximately 556 feet along the westerly shore of Schroon River, it seems to be self-evident, that for residential or agricultural or both purposes, the property must have considerably more value than $100. There is approximately 3½ acres of land on which, at the time of the taking, there was a "modest 1½ story frame residence". The court had the right to consider the testimony offered as to commercial value but of necessity it must be in context with the use of the premises at the time of the taking and the reason for the so-called residential and agricultural easement. If the property was adapted to the commercial use of renting the house and appurtenances for a summer home it, of necessity, demonstrates that the after value of $100 seems almost incredible. For all intents and purposes the judgment entered pays for the full value of the property albeit the ownership of the property still remains in the claimant subject to the restriction of the easement. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.